IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| GREG HALE, on behalf of himself and all others similarly situated, *et al.*, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> ARCARE, INC., originally named as ARCARE <br><br> Defendant-Appellant. | No. 24-1726 |

## UNOPPOSED MOTION OF THE UNITED STATES FOR LEAVE TO PARTICIPATE AT ORAL ARGUMENT

The United States, which has participated as amicus curiae in support of plaintiffs-appellees, respectfully requests leave to participate in the oral argument. Counsel for all parties state that they do not oppose this motion.

1. The Federally Supported Health Centers Assistance Act provides that health centers that receive certain federal grant funds and their employees, can, in some circumstances, be deemed federal employees for

purposes of medical malpractice liability such that suits against them proceed as Federal Tort Claims Act (FTCA) suits against the United States. 42 U.S.C. § 233(a), (g)(1)(A). The Federally Supported Health Centers Assistance Act makes the FTCA the exclusive remedy for suits within its scope, but applies only to personal injury suits "resulting from the performance of medical, surgical, dental, or related functions," among other limitations. *Id.* § 233(a).

2. Plaintiffs-appellees brought suit against defendant-appellant ARcare, a federally funded health care center, alleging that their data had been compromised in a cyberattack on ARcare's system. After the United States declined to defend the suit, ARcare moved to substitute the United States on the ground that the United States had assumed liability for the data-breach claims at issue under 42 U.S.C. § 233. At the district court's invitation, the United States filed a statement of interest, pursuant to 28 U.S.C. § 517, opposing ARcare's motion. The government explained that the claims fell outside the scope of § 233(a) because they did not result "from the performance of medical, surgical, dental, or related functions,"

2

42 U.S.C. § 233(a), and that, in any event, the statute did not authorize the compelled substitution of the United States. The district court denied ARcare's motion to substitute the United States as defendant, concluding that the data-breach claims fell outside the scope § 233(a). In reaching that conclusion, the district court noted, however, that it possessed authority to substitute the United States where the United States has declined to defend claims that the district court concludes fall within the scope of the statutory assumption of liability.

ARcare appealed the district court's denial of the motion, contending that the district court erred in concluding that the data-breach claims did not fall within the scope of 42 U.S.C. § 233(a). The United States timely filed an amicus brief pursuant to 28 U.S.C. § 517 and Federal Rule of Appellate Procedure 29(a). The government explained that the district court had properly construed § 233(a) to exclude data-breach claims of the sort at issue here, but had erred in concluding that it possessed the authority to compel the substitution of the United States.

3

3. The United States now respectfully requests the opportunity to participate at oral argument. The government has a strong interest in the proper interpretation and application of 42 U.S.C. § 233, which governs the scope and procedures relevant to the United States' assumption of liability over medical malpractice claims.

4. Counsel for all parties state that they do not oppose this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant the United States leave to participate at oral argument in this case.

Respectfully submitted,

MARK B. STERN
DANA L. KAERSVANG
/s/ Kevin J. Kennedy
Kevin J. Kennedy
*Attorneys, Appellate Staff*
*Civil Division, Room 7234*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-4214
Kevin.J.Kennedy@usdoj.gov

OCTOBER 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Palatino Linotype, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 545 words, according to Microsoft Word.

/s/ Kevin J. Kennedy
KEVIN J. KENNEDY

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system, which constitutes service on all parties under the Court's rules because all participants in the case are registered CM/ECF users.

/s/ Kevin J. Kennedy
KEVIN J. KENNEDY