

Chestnut Cambronne PA

100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401-2048
T: 612.339.7300
F: 612.336.2940

www.chestnutcambronne.com

Christopher P. Renz, Esq.
Direct Dial: (612) 336-2906
crenz@chestnutcambronne.com

March 17, 2025

**VIA E-FILING**

Susan E. Bindler
Clerk of Court
United States Court of Appeals
for the Eighth Circuit

    Re: Case No. 24-1726, *Greg Hale, et al. v. ARCare*

Dear Madam Clerk,

    Pursuant to Fed. R. Civ. App. P. 28(j), Appellees provide this letter to inform this Court of additional authority that has come to Appellees' attention since the briefs in this matter were filed. Specifically, on March 3, 2025, the United States Supreme Court denied a Petition for Writ of Certiorari in *Sandhills Medical Found., Inc. v. Ford, Joann, et al.* (S. Ct. Doc. No. 24-483) *on appeal from Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024).

    In *Ford*, the Fourth Circuit determined, on very similar facts, that "in order to trigger immunity, alleged damages giving rise to a lawsuit must arise from the provision of health care," and held that the damages related to a data breach do not. 97 F.4th at 260-62. It was from this finding that Sandhills petitioned the United States Supreme Court for a Writ of Certiorari, which the United States Supreme Court recently denied.

    Appellees raised *Ford* numerous times in their Brief. (Appellees' Br.) In fact, Appellees listed *Ford* as the first of the "most apposite

March 17, 2025
Page 2

cases" in their Statement of Issues. (*Id.* at 1.) In their "Summary of Argument," Appellees urged this Court to "look to the prudent Fourth Circuit decision recently issued in *Ford v. Sandhills Medical Foundation, Inc.*, for the sound rationale regarding the reasons that claims in relation to a data breach are not within the ambit of [42 U.S.C.] § 233." (*Id.* at 7.) Appellees further cite to the textual construction discussion in *Ford* to rebut Appellant's attempt to use the phrase "related functions" to bootstrap immunity. (*Id.* 11-12.)

In contrast, Appellant's reply brief refers to *Ford* as containing "interpretive missteps," in the application of canons of statutory construction. (*See* Appellants' Reply Br. at 2, 8-18.) Sandhills made similar arguments in its Petition, which arguments were insufficient for four Justices to grant certiorari.

Very truly yours,

**CHESTNUT CAMBRONNE PA**

*/s/ Christopher P. Renz*

Christopher P. Renz

cc: Counsel for Parties and Amicus (via CM/ECF)