# No. 24-1726

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

GREG HALE, et al.

*Plaintiffs-Appellees,*

v.

ARCARE, INC.

*Defendant-Appellant.*

*On Appeal from the United States District Court
For the Eastern District of Arkansas – Northern Division, No. 3:22-cv-00117
Hon. Brian S. Miller*

## MOTION FOR CLARIFICATION OR, ALTERNATIVELY, EXTENSION OF TIME TO PETITION FOR REHEARING AND REHEARING EN BANC

Matthew S. Freedus
Rosie Dawn Griffin
Powers Pyles Sutter & Verville PC
1250 Connecticut Avenue NW, 8th Floor
Washington, DC 20036
Tel: 202.466.6550
matthew.freedus@powerslaw.com
rosie.griffin@powerslaw.com

*Attorneys for Appellant ARcare, Inc.*

Defendant-Appellant ARcare, Inc. ("Arcare") respectfully requests clarification that its deadline to petition for rehearing of the Court's February 13, 2026 opinion and judgment is controlled by the forty-five-day period provided in Fed. R. App. P. 40(a)(1)(A) or, alternatively, requests an equivalent extension of time to seek rehearing, to and including March 30, 2026. Undersigned counsel is authorized to state that Plaintiffs-Appellees consent to the requested relief.

The requested extension is supported by the following compelling reasons:

1.	The Court entered its opinion and judgment on February 13, 2026, affirming the district court's denial of ARcare's motion to substitute the United States as defendant under the Federal Tort Claims Act, based on the conclusion that the claims at issue did not arise from "medical . . . or related functions" within the meaning of 42 U.S.C. § 233(a).

2.	Although the United States designated itself as an "amicus" in this appeal, its participation was more akin to "one of the parties," Fed. R. App. P. 40(d)(1), as it urged the Court, through briefs and oral argument, to reach a conclusion directly affecting its pecuniary interests. If the Court had reversed and found ARcare entitled to substitution and immunity, the district court could have determined, as other federal courts have in similar cases, that Plaintiffs' exclusive remedy is a claim "against the United States" under the Federal Tort Claims Act. 42 U.S.C. § 233(a).

3.	In substance, there is little, if any, difference between the United States' participation in this case—both on appeal and below—and its participation as a litigant in other cases involving deemed Public Health Service employees' assertions of absolute immunity made over the government's objection. *See, e.g., Blumberger*

1

*v. Tilley*, 115 F.4th 1113 (9th Cir. 2024) (recognizing United States as a "Movant-Appellee" and reversing district court's order granting government's remand motion); *Friedenberg v. Lane County*, 68 F.4th 1113 (9th Cir. 2023) (recognizing United States as "Defendant-Appellee"); *Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021) (recognizing United States as "Appellee").

4. If the United States' involvement qualifies it as "one of the parties" within the meaning of Fed. R. App. P. 40(d)(1), ARcare should have until March 30, 2026 (rather than February 27, 2026) to petition for rehearing.

5. Alternatively, even if the Court does not view the forty-five-day period as applicable, ARcare has compelling reasons why its deadline to petition for rehearing should be extended to and including March 30, 2026:

6. ARcare's nonprofit, community-based board of directors has a duty to consider its appellate options and determine whether to authorize any petition for rehearing. *See* 42 U.S.C. § 254b(k)(3)(H). The board's regular processes will consume more than the fourteen days provided under Fed. R. App. P. 40(a), leaving undersigned counsel little to no time to prepare a petition should the board decide to pursue one. *Id.*

7. The motion is further warranted based on undersigned counsel's competing obligations in active litigation nationwide. Notably, on the dates immediately surrounding this Court's February 13, 2026 entry of judgment, undersigned counsel, based in Washington, DC, argued two federal appeals on opposite sides of the country. *See Esposito v. Refuah*, No. 25-765 and *Krandle v. Refuah*, No. 25-766 (2d Cir.) (consolidated for argument held on February 11, 2026, in New York City), and *Bradford v. Asian Health Services*, No. 24-3702 (9th Cir.)

(argued on February 13, 2026, in San Francisco). Undersigned counsel's additional competing obligations in the immediate future include, among others, a reply brief in *Fazenbaker, et al v. CompleteCare*, No. 25-2145 (3d Cir.), due February 26, 2026, an opposition to the government's motion to remand in *Cole, et al. v. Pure Births, et al.*, No. 25-cv-10332 (C.D. Cal.), also due February 26, 2026, a petition for rehearing or rehearing *en banc* in *Arturo Gonzalez v. El Centro Del Barrio*, No. 25-50092 (5th Cir.), due March 6, 2026, and a consolidated reply brief *in Gerson and Johnson v. Petaluma Health Center*, Nos. 25-765 & 25-766 (9th Cir.), due March 30, 2026.

8. Finally, as the United States' extensive participation here indicates, this appeal concerns exceptionally important issues regarding the scope of immunity and substitution under 42 U.S.C. § 233. The issues raised, including whether § 233 immunity extends to data-security practices, are of first impression in the Eighth Circuit. The correct interpretation of the relevant statutes is of national importance, potentially impacting more than 1,300 federally-funded, safety-net health care providers that serve more than 32 million "medically underserved" individuals annually. *See* KFF, *Community Health Center Patients, Financing, and Services* (Feb. 4, 2026), https://www.kff.org/medicaid/community-health-center-patients-financing-and-services/.

9. Accordingly, ARcare respectfully requests that its deadline to petition for panel rehearing and rehearing *en banc* be extended to and including March 30, 2026.

February 24, 2026    Respectfully submitted,

*s/ Matthew S. Freedus*
Matthew S. Freedus

Rosie Dawn Griffin
Powers Pyles Sutter & Verville PC
1250 Connecticut Avenue NW, 8th Floor
Washington, DC 20036
Tel: 202.466.6550
matthew.freedus@powerslaw.com
rosie.griffin@powerslaw.com

*Attorneys for Appellant ARcare, Inc.*

# CERTIFICATE OF SERVICE

I certify that on February 24, 2026 I electronically filed the foregoing motion with the Eighth Circuit Court of Appeals via the CM/ECF electronic filing system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Matthew S. Freedus*
Matthew S. Freedus

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type volume and typeface limitations of Fed. R. App. P. 27. The motion has 780 words and was prepared using Times New Roman, 14-point font. The brief was scanned for viruses and, to the best of our ability and technology, I believe it is virus-free.

*s/ Matthew S. Freedus*
Matthew S. Freedus